IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. NAJERA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WEST, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-01083-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendant's motion for summary judgment. ECF No. 15. Plaintiff has opposed the motion and Defendant has replied to the opposition. ECF Nos. 21, 22. Plaintiff contends that Defendant, in violation of the First Amendment to the United States Constitution, substantially burdened Plaintiff's practice of religion by denying him access to a kosher diet. The Court recommends granting Defendant's motion for summary judgment.

///
///
///
///
///
///

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is a California state prisoner incarcerated at California Health Care Facility (CHCF) in Stockton, California. See ECF No. 1 at 1. Plaintiff contends that Defendant West submitted to California Department of Corrections and Rehabilitation (CDCR) Plaintiff's request for a religious diet. Id. at 3. Plaintiff specifically requested a kosher diet. Id. Defendant allegedly denied Plaintiff's request and told him that he would not be eligible for a new religious diet for twelve months. See id. Plaintiff argues that Defendant's denial of Plaintiff's request for a kosher diet deprived him of his protected religious rights. Id. Plaintiff contends that he pursued and exhausted his administrative remedies within the prison system. See id. at 4.

## II. THE PARTIES' EVIDENCE

### A. Plaintiff's Noncompliance with Local Rule 260(b):

Local Rule 260 requires motions for summary judgment to include a separate Statement of Undisputed Facts. L.R. 260(a). Each Statement must enumerate each specific, material fact relied upon in the motion and cite to any document—e.g., a pleading or deposition— establishing that fact. Id. Parties opposing motions for summary judgment must reproduce the itemized facts in the moving party's Statement of Undisputed Facts and admit the facts that are undisputed and deny those that are disputed. See L.R. 260(b). The opposing party must include with each denial a citation to the portion of any document supporting the denial. Id. Opposing parties may also include concise Statements of Disputed Facts encompassing all material facts over which there is a genuine dispute precluding summary judgment. Id.

Defendant properly included a Statement of Undisputed Facts alongside his motion for summary judgment. ECF No. 15-3 at 2—3. Plaintiff included a general statement of facts in his opposition brief (ECF No. 21 at 2–3) but otherwise failed to properly reproduce Defendant's Statement of Undisputed Facts admitting facts that are undisputed and denying those that he contends are disputed. Instead, Plaintiff largely rehashes his claims.

Plaintiff is certainly entitled to oppose Defendant's motion for summary judgment, and the Court will consider that opposition. Because, however, Plaintiff has not complied with Rule 260(b), the Court deems Plaintiff to have admitted those facts not disputed by his complaint or

other submissions. See, e.g., Fed. R. Civ. P. 56(e); Beard v. Banks, 548 U.S. 521, 527 (2006) ("[B]y failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [plaintiff] is deemed to have admitted the validity of the facts contained in the [defendant's] statement."); Brito v. Barr, No. 2:18-cv-00097-KJM-DB, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020); see also Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004).

**B. Defendant's Evidence:**

Defendant contends that the following facts are undisputed. Defendant's statement of undisputed facts is supported by the declaration of Defendant's counsel Steven E. Vong and the attached exhibits; namely, Defendant's deposition of Plaintiff and copies of Plaintiff's various grievances and diet requests. See ECF No. 15-3; 15-4, Vong Decl., Exs. A–B.

Plaintiff is a state prisoner incarcerated at CHCF. ECF No. 15-3 at 2. At all relevant times, Defendant West was employed as a clerk at CHCF. Id. West is not chaplain, rabbi, or priest. Id. West's duties included paperwork and following orders. Id. Nevertheless, Plaintiff filed the operative complaint on June 13, 2019, alleging West violated his Constitutional rights under 42 U.S.C. § 1983. Id. Plaintiff alleged that West denied him access to kosher meals. Id. In addition to damages, Plaintiff seeks injunctive relief in the form of enrollment in the kosher diet. Id.

Plaintiff submitted a CDCR Form 22 Request for entrance into a Kosher Diet Program. Id. But West did not have the authority to admit or deny any inmate into the Kosher Diet Program. Id. Defendant cites to Plaintiff's deposition as support for West's limited authority and inability to approve a religious meal plan. Id. Plaintiff admitted in his deposition that West is a clerk without authority to approve enrollment in the kosher diet program. Id.; Vong. Decl., Ex. A, Najera Dep. at 38:15–40:6.

West reviewed Plaintiff's Form 22 Request after Plaintiff submitted it. Id. West subsequently told Plaintiff that he was, at that time, already enrolled in a Religious Meat Alternative (RMA) diet. Id. Because Plaintiff was enrolled in the RMA diet, West informed Plaintiff that he would first have to submit a CDCR Form 3030D Diet Cancellation Request, and then wait twelve months before he could reapply for an alternative diet. Id.

///

Plaintiff submitted a completed Form 3030D requesting to cancel his enrollment in the RMA diet. Id. At the top of Form 3030D, the form states "I understand that I must wait for a period of 12 months before I can reapply to participate in the Religious Diet Program." Id. at 3. Plaintiff, who can read, signed the form. Id. Plaintiff admits to seeing and reading the twelve-month warning on the copy of Form 3030 that he signed and submitted. Vong. Decl., Ex. A, Najera Dep. at 42:10–43:12. Plaintiff thereafter filed a grievance in connection to the alleged denial of enrollment in a kosher diet.[1] ECF No. 15-3 at 3; ECF No. 15-4, Vong Decl., Ex. B. West interviewed Plaintiff in connection to the grievance. Id. Plaintiff, one month after cancellation of his RMA diet, enrolled in a low-fat, medical diet. ECF No. 15-3 at 3.

**C. Plaintiff's Evidence:**

Plaintiff effectively does not challenge Defendant's evidence. See ECF No. 21. In his opposition to Defendant's motion for summary judgment, insofar as actual factual contentions go, Plaintiff essentially just restates his core claim that Defendant West violated his First Amendment freedom of religion rights when West allegedly refused to enroll Plaintiff in a kosher diet. See id. Most of Plaintiff's opposition is otherwise devoted to reciting the legal standards applicable to claims of qualified immunity and motions for summary judgment.[2] See id. The Court has deemed admitted any of Defendant's evidence that Plaintiff's submissions do not dispute.

Plaintiff claims that he submitted a Form 22 religious diet request, asking for a kosher diet. Id. at 2. He contends that West denied the diet, telling Plaintiff he needed to wait for twelve months to apply for another diet. Id. He contends that, despite Defendant's contentions, Defendant did violate Plaintiff's First Amendment rights because he is the official who told Plaintiff that he would have to wait to reapply. Id. at 4. Although Defendant asserts that Plaintiff read the request forms, Plaintiff's first language is Spanish. Id. at 5. Plaintiff alleges that his TABE score indicates grade-school-level reading comprehension. Id.

---

[1] Defendant does not include, in his Statement of Undisputed Facts, information relating to Plaintiff's pursuit of the administrative appeals process available to him after he filed his first grievance. See ECF No. 15-3 at 2–3. Exhibit B to Defendant's Statement of Undisputed Facts, however, indicates that Plaintiff proceeded through three levels of administrative review in pursuit of enrollment in a kosher diet. ECF No. 15-4, Vong Decl., Ex. B. His grievance and appeals were all rejected because Plaintiff had read—and by all indications understood—that in requesting to cancel is RMA diet, he had to wait twelve months before enrolling in a kosher diet. See id.

[2] The Court discusses the parties' actual legal arguments below.

**D.  The Parties' Legal Arguments:**

Defendant argues that he is entitled to summary judgment on either of two theories. ECF No. 15-2 at 1–2. First, Plaintiff agreed to cancellation of an existing religious diet with the knowledge that he would have to wait twelve months to apply for a new one, and Defendant did not deny Plaintiff entry into a new diet program. Id. at 1. Defendant thus did not substantially burden Plaintiff's practice of religion. Id. Second, Defendant is entitled to qualified immunity because he did not violate a clearly established constitutional or statutory right of which a reasonable prison official would have known. Id. at 1–2.

Defendant specifically argues that he did not unconstitutionally burden Plaintiff's exercise of religion because Defendant had no authority to authorize or rescind Plaintiff's enrollment in a diet program, including the kosher diet program. Id. at 5–7. Title 15 of the California Code of Regulations permits prisoners to seek participation in the Kosher Diet Program by submitting to a Chaplain a request on Form 3030. Id. Either the Chaplain or a representative of the Religious Review Committee (RRC) may approve it. Id. (citing Cal. Code Regs. tit. 15 § 3054.2). The process is the same for any religious diet. See id. Inmates who wish to withdraw from a religious diet program must sign and complete Form 3030D and submit the form to the prison's Community Resources Manager. Id. Plaintiff signed Form 3030D and understood its admonition that he would have to wait twelve months to reapply for a new religious diet. Id.

Defendant is not a Chaplain or representative of the RRC with authority to approve a kosher diet. See id. at 6–7. Plaintiff admitted that Defendant is a clerk who completes paperwork and follows directions. See id. Defendant did not cancel Plaintiff's existing diet or deny him a new one. Id. at 6. Defendant processed Plaintiff's Form 3030D requesting cancellation of his diet. Id. Plaintiff, who understood the twelve-month period, was responsible for cancelling his own diet. Id. To the extent Plaintiff challenges having to file an application, the Ninth Circuit has held that requiring inmates to fill out applications for religious diets does not violate the First Amendment. Id. (citing Resnick v. Adams, 348 F.3d at 763, 771 (9th Cir. 2003)). Defendant's involvement in the grievance process also does not subject him to liability. Id. (citing Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014)).

5

As for qualified immunity, Defendant argues that courts considering qualified immunity must consider whether (1) a plaintiff has alleged deprivation of an actual constitutional right, and (2) whether that right was clearly established such that it would be clear to a reasonable official that his conduct was unlawful. Id. at 7–8 (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)). Defendant argues that even if he did violate Plaintiff's constitutional rights, a reasonable person in Defendant's position would have believed his conduct was lawful. Id. at 8. Defendant did not have authority under Title 15 to authorize or deny Plaintiff a kosher diet, and Defendant merely followed Title 15's request procedures, reasonably believing that doing so was lawful. Id.

Plaintiff opposes both of Defendant's theories.[3] ECF No. 21. The Court first notes, however, that Plaintiff raises new issues in his opposition to Defendant's motion. See, e.g., id. at 5–6. Plaintiff first contends that a wait period of twelve months before being able to reapply for a religious diet is clearly established as constitutionally unreasonable. Id. at 6. He also argues, as noted earlier, that he did not understand Form 3030D or its wait period warning because his first language is Spanish, and he possesses only grade-school-level English reading comprehension. Id.

To the extent that Plaintiff raises new grounds and new theories of liability for the first time on opposition, the Court does not consider them. Summary judgment is not an opportunity for Plaintiff to fill in gaps in his complaint. See Updike v. Multnomah County, 870 F.3d 939, 952 (2017); see also Trishan Air, Inc. v. Federal Ins. Co., 635 F.3d 422, 435 (9th Cir. 2011). The Court declines to consider new issues and new claims as a motion to amend. See, e.g., Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968–69 (9th Cir. 2006).

Plaintiff argues that Defendant is not entitled to qualified immunity because he took Plaintiff's Form 3030D when Plaintiff's religious rights are clearly established. ECF No. 21 at 5–7. Outside of the new issues that he raises, Plaintiff does not expand. Id. Plaintiff then recites the standard for a grant of summary judgment. Id. at 4–5, 8–10. Beyond arguing that Defendant has not met his burden for a grant of summary judgment, Plaintiff does not refute any of Defendant's alleged facts. Id. He merely concludes that that evidence precludes summary judgment. See id.

---

[3] Plaintiff's opposition to Defendant's motion for summary appears to be paginated out of order. See ECF No. 21. The Court has reordered the pages to what it believes is the correct, coherent sequence. Nevertheless, the page numbers that the Court cites in this order are the page numbers as identified on ECF.

Defendant, in reply to Plaintiff's opposition, contends that the Court must disregard new arguments raised on opposition. ECF No. 22 at 2. Defendant restates his qualified immunity argument. Id. at 4–5. Defendant also argues that he has met his burden in establishing that there is no genuine dispute of material fact. Id. at 3–4. Plaintiff has admitted that he requested cancellation of his initial diet and understood that he could not receive a new one for twelve months. Id. at 3. Plaintiff does not dispute those facts on opposition and offers no competent evidence to establish a factual dispute. Id. at 3–4.

### III. STANDARD OF REVIEW

Summary judgment is warranted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Washington Mutual Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). A fact is material if it might affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, an issue of material fact is genuine only if there is sufficient evidence for a reasonable factfinder to find for the non-moving party. E.g. id. On motion for summary judgment, the Court determines only whether there is a genuine issue for trial. Thomas v. Ponder, 611 F3d 1144, 1149–50 (9th Cir. 2010). In so doing, the Court must liberally construe a pro se prisoner plaintiff's filings. Id. at 1150.

Federal Rule of Civil Procedure 56 permits courts to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to an entire claim or a portion of a claim. See Fed. R. Civ. P. 56(a); Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981); Smith v. Cal. Dep't of Highway Patrol, 75 F. Supp. 3d 1173, 1179 (N.D. Cal. 2014). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. See Fed. R. Civ. P. 56 (a), (c); Mora v. Chem-Tronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the "initial

7

1   responsibility" of demonstrating the absence of a genuine issue of material fact. Id. at 323. A party
2   demonstrates that summary judgment is appropriate by "informing the district court of the basis of
3   its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories,
4   and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence
5   of a genuine issue of material fact." Id. at 323 (quoting Fed. R. Civ. P. 56(c)). To meet its initial
6   burden, "the moving party must either produce evidence negating an essential element of the
7   nonmoving party's claim or defense or show that the nonmoving party does not have enough
8   evidence of an essential element to carry its ultimate burden of persuasion at trial." Nissan Fire &
9   Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

10   If the moving party meets its initial burden, the burden shifts to the opposing party
11   to present specific facts showing a genuine issue of a material fact. See Fed R. Civ. P. 56(e);
12   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). An opposing party,
13   however, "must do more than simply show that there is some metaphysical doubt as to the material
14   facts." Matsushita, 475 U.S. at 587. In this regard, the opposing party must move beyond the
15   pleadings through citations to the record—such as citations to affidavits, depositions, and
16   admissions—designate specific facts establishing a genuine issue for trial. Celotex, 477 U.S. at 324.
17   The opposing party must "show more than the mere existence of a scintilla of evidence." Anderson,
18   477 U.S. at 252. A non-moving party, however, is not required to establish a material issue of fact
19   conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury
20   or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., Inc. v.
21   Pacific Elec. Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Still, "failure of proof
22   concerning an essential element of the nonmoving party's case necessarily renders all other facts
23   immaterial." Celotex, 477 U.S. at 323.

24   The Court may consider other materials in the record not cited to by the parties, but
25   it is not required to do so. See Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist.,
26   237 F.3d 1026, 1031 (9th Cir. 2001); see also Simmons v. Navajo County, Ariz., 609 F.3d 1011,
27   1017 (9th Cir. 2010). The Court need not scour the record to establish an absence or presence of
28   factual disputes when the evidence is not adequately set forth in opposing papers. See, e.g., Carmen,

1    237 F.3d at 1031. The Court, furthermore, cannot engage in determinations of credibility or

2    weighing of evidence. Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017). Nevertheless, the

3    evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable

4    inferences" must be drawn in that party's favor. E.g., Anderson, 477 U.S. at 255; Fresno Motors,

5    LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014).

## IV. DISCUSSION

7    As noted, Defendant argues that he is entitled to summary judgment on two theories.

8    ECF No. 15-2 at 1–2. First, he contends that Plaintiff admits that he agreed to cancellation of his

9    existing religious diet with the knowledge that he would have to wait twelve months to apply for a

10   new one. Id. at 1. Defendant thus did not burden Plaintiff's religious rights. Id. Alternatively,

11   Defendant is entitled to qualified immunity because he did not violate a clearly established right of

12   which a reasonable official would have known. Id. at 1–2.

13   The undersigned United States Magistrate Judge concludes that there is no genuine

14   dispute as to any material fact. Plaintiff requested cancellation of his own diet, knowing that he

15   would have to wait twelve months to enroll in a new one. It is recommended that the pending

16   motion for summary be granted on factual grounds, without reaching the question of qualified

17   immunity.

18   **A. Inmates' First Amendment Religious Rights:**

19   Prisoners do not forfeit all their constitutional protections simply because they are

20   incarcerated. Bell v. Wolfish, 441 U.S. 520, 545 (1979); Shakur v. Schriro, 514 F.3d 878, 883–84

21   (9th Cir. 2008). Inmates retain the protections of the First Amendment to the United States

22   Constitution, including its command that laws may not prohibit free exercise of religion. O'Lone v.

23   Estate of Shabazz, 482 U.S. 342, 348 (1987). The United States Court of Appeals for the Ninth

24   Circuit has held that the First Amendment extends to inmates' right to be provided with food that

25   sustains good health and that satisfies the dietary commands of their faith. See Jones v. Williams,

26   791 F.3d 1023, 1035 (9th Cir. 2015); McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987). Denial

27   of food complying with the tenants of inmates' faith may well substantially burden inmates' ability

28   to practice their religion. See, e.g., McElyea, 833 F.3d at 198; Shakur, 514 F.3d at 885.

1          Lawful incarceration, however, permissibly brings with limitations of many rights
2 and privileges, which is a circumstance justified by considerations underlying the penal system.
3 See Shakur, 514 F.3d at 884. Prisoners' free exercise of religion is limited by institutional objectives
4 and the confinement attendant to incarceration. Hartmann v. Cal. Dep't of Corrs. and
5 Rehabilitation, 707 F.3d 114, 1122 (9th Cir. 2013); see also Turner v. Safley, 482 U.S. 78, 89
6 (1987) ("[W]hen a [a prison official's conduct] impinges on inmates' constitutional rights, the
7 [conduct] is valid if it is reasonably related to legitimate penological interests.").

8          To implicate the Free Exercise Clause of the First Amendment, prisoners must show
9 that the belief at issue is both "sincerely held" and "rooted in religious belief." Malik v. Brown, 16
10 F.3d 330, 333 (9th Cir. 1994); see Shakur, 514 F.3d 884-85 (reasoning finding that the sincerity
11 test in Malik determines whether the Free Exercise Clause applies). If the inmate makes this initial
12 showing, he must also establish that prison officials substantially burdened the practice of his
13 religion by preventing him from engaging in conduct which he sincerely believes is consistent with
14 his faith. Jones, 791 F.3d at 1031–32; Shakur, 514 F.3d at 884–85. A substantial burden is more
15 than an inconvenience to religious practice and must tend to coerce individuals into acting contrary
16 to their religious beliefs or exert substantial pressure on an inmate to alter his behavior and to violate
17 his beliefs. E.g., Jones, 791 F.3d at 1031–32. A regulation or burden upon the First Amendment
18 right to free exercise may be upheld only if it is reasonably related to a legitimate penological
19 interest. See Shakur, 514 F.3d 884-85; see also Turner, 482 U.S. at 89.

20     **B. Plaintiff's Agreement to Cancellation of His Diet:**

21          The Court does not doubt the sincerity of Plaintiff's faith. But the Court need not
22 reach the question of qualified immunity or the broader First Amendment questions. Plaintiff does
23 not sufficiently establish any dispute as to the cause of Plaintiff's lack of access to a kosher diet.

24          As relevant here, 42 U.S.C. § 1983, under which Plaintiff brings this action, requires
25 plaintiffs to demonstrate a causal relationship between the actions of the defendants and the injury
26 suffered. See Rizzo v. Goode, 423 U.S. 362, 371–72, 377 (1976). The Ninth Circuit has explained
27 that "[a] person subjects' a another to the deprivation of a constitutional right, within the meaning
28 of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

1   an act which he is legally required to do that causes the deprivation of which complaint is made."
2   Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (quoting Johnson v. Duffy, 588 F.2d
3   740, 743 (9th Cir.1978)).

4   Plaintiff contends that Defendant violated the First Amendment in denying him a
5   kosher diet, which would certainly implicate the First Amendment. See Jones, 791 F.3d at 1035;
6   Shakur, 514 F.3d at 885; McElyea, 833 F.2d at 198. But Defendant had no authority to either
7   rescind or approve a kosher diet for Plaintiff. Cal. Code Regs. tit. 15 § 3054.2. Only a chaplain or
8   representative of the RRC may do so. See id. Plaintiff acknowledges that Defendant is not a
9   chaplain or representative of the RRC. Vong. Decl., Ex. A, Najera Dep. at 38:21–38:25. He instead
10  admits that Defendant is a clerk who processes paperwork, follows directions, and lacks the
11  authority to approve or rescind a religious diet on Plaintiff's behalf, including a kosher diet. See
12  Vong. Decl., Ex. A, Najera Dep. at 38:1–40:6.

13  Plaintiff, furthermore, acknowledges that he requested cancellation of his own RMA
14  diet. Vong. Decl., Ex. A, Najera Dep. at 41:20–43:12. He admits that he signed Form 3030D and
15  that he understood its admonition that he would have to wait twelve months before applying for a
16  kosher diet. Vong. Decl., Ex. A, Najera Dep. at 41:20–43:12.

17  Plaintiff does not challenge the above facts on opposition, and the Court has deemed
18  as admitted all unchallenged facts. Although Plaintiff argues, on opposition, that a wait period of
19  twelve months is unreasonable and contends that he did not understand Form 3030D's warning,
20  Plaintiff did not raise those claims in his complaint. The Court does not consider them.

21  Plaintiff's First Amendment claim is grounded upon the premise that Defendant
22  unconstitutionally denied him a kosher diet. But Plaintiff does not present evidence that
23  Defendant—outside of telling Plaintiff that he would have to wait twelve months before new diet
24  could be approved and processing Plaintiff's request for cancellation of his then-current diet—
25  personally had anything to do with denying Plaintiff a kosher diet. Even construing Plaintiff's
26  submissions liberally and drawing inferences in his favor, Plaintiff has not identified any evidence
27  establishing a genuine dispute over whether Defendant had the authority to deny him kosher meals.
28  To the contrary, the evidence indicates that Defendant lacked the ability to approve a new religious

diet, and that Defendant has not prevented Plaintiff from practicing his religion. The evidence also indicates that Plaintiff cancelled his own diet and subjected himself to the twelve-month wait period before he could enroll in a kosher diet when Plaintiff signed and understood Form 3030D. Defendant has not been sufficiently linked to any constitutional injury.

At most, Plaintiff relies upon his pleadings and the broad assertions of a First Amendment violation to create some metaphysical doubt as to Defendant's responsibility, which is insufficient. Matsushita, 475 U.S. at 587. Although Plaintiff is not required to *conclusively* establish material issues of fact, he has not shown any dispute whatsoever as to Defendant's authority to deny a kosher diet. See T.W. Elec. Serv., Inc., 80 F.2d at 630. Plaintiff has not shown that a factual dispute requires resolution at trial. See id. Defendant is entitled to summary judgment.

## V. CONCLUSION

Defendant has carried the burden of demonstrating the absence of a genuine dispute of material fact. See Washington, 636 F.3d at 126; see also Celotex, 477 U.S. at 32–23. Plaintiff has not identified evidence to support a finding that a dispute exists. Plaintiff has failed to submit evidence to support his § 1983 claim because Plaintiff has not identified facts supporting the allegation that Defendant did—or even could—deny him access to a kosher diet. Based on the foregoing, the undersigned recommends that Defendant's motion for summary judgment (ECF No. 15) be **GRANTED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 24, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE